The Chief Justice
delivered the opinion.*
This was an ejec'ment, and was formerly before this court upon an appeal taken by the lessor of the plaintiff, from a judgment rendered for the defendants, which was there revived became the circuit court had, under the circumstances of the case, improperly instructed the jury, that the. right of entry of the lessor of the plaintiff, was tolled by the descent cast upon the defendants, by the death of their ancestor; I Marshall, 315.
On the trial, after the cause was remanded to the circuit. *226 court, the only quest ion which was made, grotto out 6f variance in the description of the land claimed by the lessor of the plaintiff, as contained in the original-plat and certificate of survey and the patent under which he derive# title. The plat and certificate of survey, describes the' tract with four lines and corners, and lines and comers corresponding with the lines and corners of the survey, were found plainly marked, except at the place where the Second corner of the survey is described tobe, there was no marked corner found. But the patent calls for only three lines and corners, omitting the call for the second' corner, as described by the certificate of survey, and the course and distance from thence to the third corner. The counsel for the defendants contended that the lessor of the plaintiff, could recover under his patent, no more land tiran was embraced in the triangle formed by extending a line ' from the beginning to the third corner, as described in the survey, and running from thence with the two remaining lines to the beginning; and moved the court- so to instruct the jury; but the court overruled the motion, and instructed the jury, to find'agreeably to the calls of the survey. To that opinion of the court, the defendants excepted; and a \ a verdict and judgment having been rendered against them, they have appealed to this court.
A mistake in the calls of a patent mav be corrected by a reference to the p at £i certificate of survey,” and is evidence of the original position of the coiners, it where they can be ascertained they fiim the boundarytho variant from the description contain ed in the patent.
We have no doubt' that the circuit court decided correctly. If the lessor of the plaintiff had a right to resort to the original plat and certificate of survey, for the purpose of supplying the defect or omission in the description of the tract contained in the patent, there is no difficulty in, the case, and we can- perceive no principle which would be violated, in permitting them to do so. The survey ¡3 matter of record of equal dignity with the patent itself, is referred to by the patent, and is the only source from wbieh the description of the boundaries contained in the patent, vvas: originally taken. But supposing the certificate of sur* vey could not be resorted to, for the purpose of supplying the defect of the description contained in the patent, still it would be legitimate evidence of the true position of the lines and corners as actually made, and when the lines and corners as actually made, are ascertained, they have always been considered to be the true-boundaries of the tract,; though th<cy should vary in some respects, from the description of them in the patent. Besides, the description given in the patent in this case, is not more at variance with the *227 bnondaries, as designated by the certificate of survey, than it is with the boundaries of the triangular figure contended for by tire defendants in tbe court below, Tor, to run a line from the beginning, so as to form the triangle, would van widely, both in course and distance, from ¡hat which is described in the patent, and the quantity of land contained in the triangle is one half less than the quantity called for by tbe patent.
Hardin for appellant, Bibb for appellee.
The judgment must be affirmed with cost,

 Dissent, Judge Mills.